```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

GAIL TAYLOR,

        Plaintiff,
v.                                  Case No. 8:15-cv-2769-T-33MAP

WENDY KRUEGER, et al.,

        Defendants.
_____/

## ORDER

This cause is before the Court upon sua sponte review of the Complaint (Doc. # 1) and "Proof of Service Affidavit" (Doc. ## 16, 18). Plaintiff Gail Taylor, proceeding pro se, sues Wendy Jane Krueger and John Doe plaintiffs for personal injuries she suffered as a result of a December 2, 2013, accident. (Doc. # 1 at 3-5). For the reasons set forth below, the Complaint fails to adequately allege a basis for this Court's jurisdiction. Plaintiff has also failed to demonstrate that she timely effected service of process on Krueger.

**I.   Jurisdiction**

"Federal courts are courts of limited jurisdiction." Burns v. Windsor Ins., Co., 31 F.3d 1092, 1095 (11th Cir. 1994). District courts have federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An Action arises under federal law only when the "well-pleaded

complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28 (1983). Plaintiff's Complaint currently pleads no federal claim.

District courts also have original jurisdiction over all civil actions between parties of diverse citizenship where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Although Plaintiff invokes this Court's diversity jurisdiction, the Complaint does not adequately allege that the parties are of diverse citizenship. In addition, the Complaint does not adequately allege that the amount in controversy exceeds $75,000.

For individual parties, "citizenship means domicile; mere residence in the State is not sufficient." Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974) (explaining that domicile means an individual's "true, fixed, and permanent home and principal establishment" (internal quotation marks omitted)). Although Plaintiff alleges the state of her own residency and the state of Krueger's residency, Plaintiff does not allege the parties' domicile. (Doc. # 1 at ¶¶ 1-2).

The Complaint also appears to include a claim by Gail Taylor's husband, Eric Taylor, for loss of consortium. (Id.

at ¶ 9). To the extent that Mr. Taylor seeks to plead his own claim for relief, the Complaint must list Mr. Taylor as a plaintiff and include the requisite allegations establishing his domicile. <u>Mas</u>, 489 F.2d at 1399; Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

Finally, the Complaint does not sufficiently allege that the amount in controversy exceeds $75,000. "[T]he party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." <u>Federated Mut. Ins. Co. v. McKinnon Motors, LLC</u>, 329 F.3d 805, 807 (11th Cir. 2003). Plaintiff alleges that she suffered pain, loss of mobility, and loss of income, and she requests actual damages, punitive damages, and attorney's fees. (Doc. # 1 at ¶¶ 5-7 and p. 4). But the Complaint does not specify the amount of damages, and these indeterminate allegations do not suffice to establish the amount in controversy. <u>Federated Mut. Ins. Co.</u>, 329 F.3d at 808-09.

Based on the foregoing, the Complaint will be dismissed without prejudice and with leave to amend. The Amended Complaint shall specify whether Eric Taylor is a party-plaintiff and shall cure the jurisdictional deficiencies identified in this Order. If the Amended Complaint includes more than one claim, each claim shall be pleaded in a separate

count, and each count shall contain only the essential facts. See Fed. R. Civ. P. 8 and 10.

## II. Service

Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to serve a summons and a copy of the complaint on a defendant. Fed. R. Civ. P. 4(c). Pursuant to Rule 4(d), "a plaintiff may request by mail that a defendant waive service of summons." Lloyd v. Foster, 298 F. App'x 836, 842 (11th Cir. 2008); Fed. R. Civ. P. 4(d)(1). "If the defendant, without good cause, does not comply with the request for waiver, the court must impose upon the defendant the costs and expenses later incurred in making the service." Lloyd, 298 F. App'x at 842; Fed. R. Civ. P. 4(d)(2). However, a request for waiver of service does not effect service. Lloyd, 298 F. App'x at 842 (explaining that a plaintiff may not "perfect service by mail without the affirmative cooperation of the defendant.").

Plaintiff submits a "Proof of Service Affidavit" that states that Derrick Taylor "personally served" the summons and complaint on Krueger. (Doc. # 18 at 1). However, the affidavit further indicates that the service was not in person, but was "via USPS Certified mail and USPS Priority Mail." (Id.). The affidavit states that Krueger "received and signed for the mailing on 3/29/16." (Id. at 1, 3).

4

Although Krueger may have received a copy of the summons and complaint through the mail, Plaintiff presents no evidence that Kruger waived formal service. <u>Lloyd</u>, 298 F. App'x at 842 (affirming dismissal of claims against a defendant where the plaintiff offered no evidence that he agreed to waive formal service and accept service by mail). In particular, Plaintiff has not filed a signed waiver of service in the form prescribed by Rule 4(d)(1)(C). <u>See</u> Fed. R. Civ. P. 4(d)(4) ("When the plaintiff files a waiver, proof of service is not required").

Plaintiff also provides no competent proof that she effected formal service under one of the specific methods listed in Rule 4. <u>See</u> Fed. R. Civ. P. 4(e) (listing methods by which an individual may be served within a judicial district of the United States). The Court notes that on April 11, 2016, Plaintiff filed a "Motion Showing the Court That Plaintiffs Have Complied with the Federal Rules of Civil Procedure and All of Courts Orders Regarding Service of Process." (Doc. # 19). In this filing, Plaintiff represents that "Derrick Taylor personally served the summons and two copies of the complaint upon the defendant." (<u>Id.</u> at 1). Similar to the "Proof of Service Affidavit," however, the "Motion" goes on to state that Derrick Taylor served Krueger "VIA USPS, mail Certified and USPS Mail Priority." (<u>Id.</u> at

5

2).

Accordingly, the "Motion" does not indicate that formal service was properly effected under Rule 4(e). And even if the Motion did suggest that service had been properly effected, the Motion does not constitute a sufficient proof of service under Rule 4(l). Fed. R. Civ. P. 4(l) ("Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.").

On February 23, 2016, this Court granted Plaintiff a 30-day extension of time, until April 1, 2016, to effect service. (Doc. # 14). In the "Motion," Plaintiff maintains that, if any errors were made in serving process, it was due to a need to render emergency medical assistance to Plaintiff's brother, who suffers from advanced pancreatic cancer. (Doc. # 19 at 4). The Court finds that this constitutes good cause for the delay in effecting service and will grant Plaintiff one final extension of time to effect service.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) On or before May 25, 2016, Plaintiff shall file an Amended Complaint.

(2) Within 30 days of filing the Amended Complaint, Plaintiff shall file either: (a) a waiver of service under Rule 4(d); or (b) a proof of service under Rule 4(l).

(3) Failure to comply with this Order will result in the dismissal of this action without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>2nd</u> day of May, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE