```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

GAIL TAYLOR,

       Plaintiff,

v.                        Case No. 8:15-cv-2769-T-33MAP

WENDY KRUEGER, et al.,

       Defendants.
_____/

## ORDER

This cause is before the Court on Gail Taylor's "Motion and Supporting Affidavit Pursuant to U.S.C. § 144 of the Federal Rules Requesting the Immediate Withdrawal from the Above Entitled Case of Judge Virginia M. Hernandez," ("Motion for Recusal") (Doc. # 25) and the Affidavit in support (Doc. # 26), both filed on July 18, 2016. For the reasons that follow, the Motion is denied.

## Discussion

Taylor brings her Motion for Recusal pursuant to 28 U.S.C. § 144. In the Motion, Taylor contends that the undersigned must recuse herself from this case because the undersigned "has engaged in a practice of judicial bias and prejudice against plaintiffs in a campaign to dismiss plaintiffs' complaint." (Doc. # 26 at 1). Although Taylor predicates her Motion on 28 U.S.C. § 144, the Court will also

consider the law governing recusal under 28 U.S.C. § 455, which is construed *in pari materia* with Section 144. See <u>Davis v. Bd. of Sch. Comm'rs of Mobile Cty.</u>, 517 F.2d 1044, 1052 (5th Cir. 1975).

Title 28 U.S.C. §§ 144 and 455 set forth the conditions under which a judge should recuse or disqualify herself from further proceedings in a case. Under § 455, a judge must recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455. The test is an objective one, under which the Court must ask "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." <u>Bolin v. Story</u>, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting <u>McWhorter v. City of Birmingham</u>, 906 F.2d 674, 678 (11th Cir. 1990)). To justify recusal, "[t]he allegation of bias must show that the bias is personal as distinguished from judicial in nature." <u>Bolin</u>, 225 F.3d at 1239 (quotation omitted). Because of this, "[j]udicial rulings standing alone rarely constitute a valid basis for a bias or partiality motion." <u>Stringer v. Doe</u>, 503 Fed. Appx. 888, 890 (11th Cir. 2013) (citing <u>Draper v. Reynolds</u>, 369 F. 3d 1270, 1279 (11th Cir. 2004)).

Additionally, § 144 permits a party to request that a judge disqualify herself on the basis of personal bias or prejudice. Specifically, § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000). As with recusal under § 455, the decision to recuse under § 144 should "be made on the basis of conduct extra-judicial in nature as distinguished from conduct within a judicial context." Davis, 517 F.2d at 1052.

Here, Taylor avers that the Court has demonstrated prejudice in the way it has managed this case. Specifically, Taylor complains of orders entered by the Court that directed her to file a supplemental memorandum regarding the amount of controversy in this diversity case; to register for the Court's electronic case-filing system; to provide a status update on her attempts to serve Defendant Wendy Krueger; to perfect service within an extended deadline and file proof thereof; and to file an amended complaint that properly

alleges diversity jurisdiction and complies with the Federal Rules of Civil Procedure.

Contrary to Taylor's assertions, the Court has engaged in tremendous temperance, giving Taylor every opportunity to cure the deficiencies in her complaint and in her efforts to serve Krueger. The orders that Taylor complains of were entered not out of bias or unfairness, but out of the Court's obligation to ensure Taylor states a cause of action and otherwise complies with the Federal Rules of Civil Procedure and Local Rules of this District.

With respect to the Court's December 4, 2015, Order, noting that Taylor did not properly allege the amount in controversy in her complaint, the Court directed Taylor to file a supplemental memorandum demonstrating that proper grounds for diversity jurisdiction exist in this case. (Doc. # 3). As Taylor correctly points out, the Court cautioned that "[f]ailure to satisfy the Court that the requirements for diversity jurisdiction exist will result in an Order of dismissal for lack of jurisdiction." (Id.). But, this warning did not come as the result prejudice against Taylor. Rather, the Court duly issued this warning because of its duty to ensure it has jurisdiction to hear this case. See Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam) ("A federal court not only has the power

but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises.").

As to the December 31, 2015, Order directing Taylor to register for CM/ECF, the Court entered this Order only for Taylor's convenience. Although CM/ECF was intended for use only by lawyers, the Court extended to Taylor the opportunity to access the electronic case-filing system as a courtesy so that she could view orders and pleadings in this case immediately upon their filing rather than waiting to receive hard copies in the mail. In addition, once the Court learned Taylor did not wish to use CM/ECF, the Court promptly entered an Order relieving her of the obligation to do so. (Doc. # 10).

The remaining orders that Taylor complains of relate directly to the Court's independent obligation to "take an active role in managing cases on [its] docket." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997). The Court first took the opportunity to explain to Taylor the requirements for properly effecting service. (Doc. # 7). In that Order, the Court requested that Taylor provide a status report on her efforts to serve Krueger. (Id. at 2). The Court requested the status report in order to ensure Taylor took the

necessary steps to timely serve Krueger so that this case could progress toward its final resolution.

Based on the response provided in Taylor's status report (Doc. # 12), the Court granted Taylor a 30-day extension of the deadline to effect service and directed Taylor to file her proof of service on the record once service was accomplished. (Doc. ## 14-15).  In response, Taylor submitted a "Proof of Service Affidavit." (Doc. # 16).  But, as Taylor has been told on several occasions, the Affidavit indicates service was not effected on Krueger in a manner consistent with Rule 4, Fed. R. Civ. P.  And, Taylor has provided no competent proof that she has perfected service to date.  Still, the Court has given Taylor two additional opportunities to file an amended complaint that complies with the Federal Rules and to serve the amended complaint on Krueger.  <u>See</u> (Doc. ## 20, 24).  The deadline for Taylor to file her amended complaint is July 29, 2016, and she has thirty days thereafter to serve the amended complaint on Krueger. (Doc. # 24 at 4).

Simply put, the undersigned's orders in this case do not evidence any bias or prejudice against Taylor. On the contrary, the orders show that the Court has not only made every effort to accommodate Taylor given her *pro se* status, but has gone above and beyond to ensure Taylor enjoys a fair

opportunity to prosecute her case. The Court has taken extra care to ensure Taylor understands the requirements for proceeding in federal court and has granted Taylor numerous extensions of time to perfect service of process, giving her well beyond the 90-day deadline under the Federal Rules. See (Doc. ## 14, 15, 20, 24). Based on the foregoing, the undersigned sees no rationale justifying recusal from this case.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Gail Taylor's "Motion and Supporting Affidavit Pursuant to U.S.C. § 144 of the Federal Rules Requesting the Immediate Withdrawal from the Above Entitled Case of Judge Virginia M. Hernandez" (Doc. # 25) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of July, 2016.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE