```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION

GAIL TAYLOR,

        Plaintiff,

v.                              Case No. 8:15-cv-2769-T-33MAP

WENDY KRUEGER, et al.,

        Defendants.
_____/
```

**ORDER**

This cause is before the Court on pro se Plaintiff Gail Taylor's "Motion to Correct Error of Judge Virginia M. Hernandez Covington's Order that Plaintiffs File an Amended Complaint and Reissue the Summons," (Doc. # 28), filed on July 29, 2016. For the reasons that follow, the Motion is denied. Furthermore, because Taylor failed to file an amended complaint as directed by the Court, this case is dismissed without prejudice.

**I.  Background**

Taylor filed this action against Wendy Krueger and unknown John Does for damages arising out of a car accident on December 1, 2015. (Doc. # 1). Taylor predicates this Court's jurisdiction on 28 U.S.C. §§ 1331 and 1332. (Id. at 1). Because the complaint did not adequately allege the amount in controversy, the Court directed Taylor to file a supplemental

memorandum indicating whether proper grounds for diversity jurisdiction exist. (Doc. # 3). Taylor filed her supplemental memorandum on December 21, 2015, (Doc. # 5), but the memorandum still did not provide a sufficient basis to determine that the amount in controversy exceeded $75,000. Nor did Taylor plead a federal claim in order to invoke this Court's federal-question jurisdiction under 28 U.S.C. § 1331.

Additionally, Taylor encountered difficulties in her efforts to serve Krueger, and the Court gave Taylor a one-month extension of time to perfect service. (Doc. ## 12, 14). But, even after the one-month extension, Taylor failed to properly serve Krueger. Noting these deficiencies, the Court entered an Order on May 2, 2016, directing Taylor to file an amended complaint that properly invoked this Court's subject-matter jurisdiction by May 25, 2016, and to serve Krueger within 30 days of filing the amended complaint. (Doc. # 20). Taylor did not file an amended complaint by the May 25, 2016, deadline, and the Court dismissed this case without prejudice. (Doc. # 21).

Over one month later, Taylor filed a Motion to Correct Error, wherein she contended the Court should not have dismissed this case because she did not receive proper notice of the May 2, 2016, Order. (Doc. # 23). Based on Taylor's representations, the Court re-opened this case on July 1,

2016, and provided Taylor with an additional opportunity to file an amended complaint by July 29, 2016. (Doc. # 24). Rather than filing an amended complaint by the July 29, 2016, deadline, Taylor filed the instant Motion to Correct Error pursuant to Rules 52(b),[1] 60(a), and 60(b) of the Federal Rules of Civil Procedure, requesting that the Court correct its May 2, 2016, and July 1, 2016, Orders.[2] (Doc. # 28).

## II. Legal Standard

Rule 60(a) of the Federal Rules of Civil Procedure provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Under this rule, a district court may "correct clerical errors to reflect what was intended at the time of ruling," but "errors that affect substantial rights of the parties . . .

---

[1] Rule 52(b), Fed. R. Civ. P., provides: "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings--or make additional findings--and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." This rule relates to judicial findings of fact and conclusions and is inapplicable here.

[2] Taylor also states that she "timely filed a notice of appeal immediately after discovering Judge COVINGTON's order." (Doc. # 28 at 6). However, after a thorough search of the Court's records, no notice of appeal could be located in connection with this case.

are beyond the scope of rule 60(a)." <u>Weeks v. Jones</u>, 100 F.3d 124, 128 (11th Cir. 1996) (citations omitted).

In addition, Federal Rules of Civil Procedure 59(e) and 60(b) govern motions for reconsideration. <u>Ludwig v. Liberty Mut. Fire Ins. Co.</u>, Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30, 2005). The time when the party files the motion determines whether the motion will be evaluated under Rule 59(e) or Rule 60. <u>Id.</u> A Rule 59(e) motion must be filed within 28 days after the entry of the judgment. Motions filed after the 28-day period will be decided under Federal Rule of Civil Procedure 60(b). Here, the Motion to Correct Error, (Doc. # 28), was filed within 28 days of the July 1, 2016, Order but more than 28 days after entry of the May 2, 2016, Order. Thus, the Court evaluates the Motion under Rules 59(e) and 60(b), Fed. R. Civ. P.

"The only grounds for granting a Rule 59 motion [for reconsideration] are newly-discovered evidence or manifest errors of law or fact." <u>Anderson v. Fla. Dep't of Envtl. Prot.</u>, 567 F. App'x 679, 680 (11th Cir. 2014) (quoting <u>Arthur v. King</u>, 500 F.3d 1335, 1343 (11th Cir. 2007)). Likewise, Rule 60(b), Fed. R. Civ. P., is available to relieve a party from a final judgment or order for the following reasons:

    (1)  mistake, inadvertence, surprise, or excusable neglect;

      (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
      (3)   fraud . . . misrepresentation, or misconduct by an opposing party;
      (4)   the judgment is void;
      (5)   the judgment has been satisfied . . .; or
      (6)   any other reason that justifies relief.

Whether asserted under either Rule 59(e) or 60(b), "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Ludwig, 2005 U.S. Dist. LEXIS 37718, at *11 (internal quotation marks and citation omitted). Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999).

### III. Analysis

In the Motion to Correct Error, Taylor raises several concerns that have already been dispelled or otherwise resolved by the Court. First, Taylor complains that the case should not have been dismissed because, due to an administrative oversight, she never received the Court's May 2, 2016, Order. Taylor originally raised this concern in her Motion to Correct Error filed on June 28, 2016, (Doc. # 23), and the Court resolved the issue in its July 1, 2016, Order.

(Doc. # 24). In the July 1, 2016, Order, the Court re-opened this case and gave Taylor an additional opportunity to file an amended complaint, as well as an additional one-month extension of time to serve Krueger. (Id.). To the extent that Taylor is concerned about the effect of the applicable statute of limitations on her amended complaint, this concern is premature. See Fed. R. Civ. P. 8(c); Day v. Liberty Nat. Life. Ins. Co., 122 F.3d 1012, 1015 (11th Cir. 2010) ("The statute of limitations is an affirmative defense which must be specifically pled.").

The complaint must be amended because, as currently drafted, it does not establish that the Court has jurisdiction to hear Taylor's case. Specifically, as the Court explained to Taylor in its May 2, 2016, Order, "the Complaint does not specify the amount of damages, and [the] indeterminate allegations [in the Complaint] do not suffice to establish the amount in controversy." (Doc. # 20 at 3) (citing Federated Mut. Ins. Co. V. McKinnon Motors, LLC, 329 F.3d 805, 808-09 (11th Cir. 2003)). In addition, as the Court informed Taylor, "the Complaint does not adequately allege that the parties are diverse of citizenship." (Doc. # 20 at 2). The Court gave Taylor the opportunity to remedy these jurisdictional defects by filing an amended complaint, but Taylor declined to do so.

Taylor also takes issue with the Court's finding that the complaint did not fulfill the requirements to include her husband, Eric Taylor, as a plaintiff in this case. To this end, Taylor contends that Eric Taylor "has always been a part of this case," and "[w]hen plaintiffs filed their complaint in a rush . . . Plaintiffs titled the complaint under Gail Taylor et al vs. Wendy Jane Krueger and John Doe et al . . . because Mrs. Taylor and Mrs. Krueger were the main parties in the case." (Doc. # 28 at 4). But, as the Court previously explained to Taylor, "[t]o the extent that Mr. Taylor seeks to plead his own claim for relief, the Complaint must list Mr. Taylor as a plaintiff and include the requisite allegations establishing his domicile." (Doc. # 20 at 3) (citations omitted).

As it is currently drafted, the complaint includes only one Plaintiff, Gail Taylor, and the complaint itself is titled "Gail Taylor Complaint for Damages." (Doc. # 1 at 1). If Eric Taylor is also plaintiff in this case, he must be listed in the case caption. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). In any case, Taylor's concern is misguided because the Court provided her with an opportunity to remedy this defect by filing an amended complaint that "specif[ies] whether Eric Taylor is a party-plaintiff." (Doc. # 20 at 3).

Finally, Taylor contends that the Court "wrongfully alleges that plaintiffs failed to issue process of service on the defendant Wendy Jane Krueger because plaintiffs failed to mail the defendant the waiver for service of summons based on Fed. R. Civ. P. Rule 4(d). . . ." (Doc. # 28 at 4-5). The Court has explained to Taylor, time and again, that sending the summons and complaint by USPS certified mail, without a waiver of formal service by the defendant, is not effective service under Rule 4, Fed. R. Civ. P. See (Doc. ## 20 at 4-6; 24 at 2-3; 27 at 6). The Court sees no reason to delve into the procedural defects in Taylor's attempts at service for a fourth time. Suffice it to say that Taylor has presented no competent evidence to date that service of process has been perfected in this case--either by obtaining a waiver of formal service or by serving Krueger in a manner prescribed by Rule 4(e)--despite the numerous extensions of time the Court afforded Taylor to do so.

In sum, Taylor points to no error, clerical or otherwise, that requires correction or reconsideration of the May 2, 2016, or July 1, 2016, Orders. Taylor's complaints amount to mere dissatisfaction with the Court's rulings, rather than any newly-discovered evidence or manifest injustice resulting from those orders. After due consideration of the Motion, the

Court finds no reason sufficient to justify reconsideration under either Rule 59(e) or Rule 60(b).

Most importantly, Taylor has declined to file an amended complaint by the July 29, 2016, deadline even though the Court cautioned that failure to do so "will result in the dismissal of this action without further notice." (Doc. # 24 at 4). To date, the Court has afforded Taylor substantial accommodations given her pro se status and provided her with every opportunity to move forward with her case. However, because Taylor chose not to file an amended complaint that properly establishes this Court's jurisdiction to proceed, the Court is left with no choice but to dismiss this action.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Gail Taylor's "Motion to Correct Error of Judge Virginia M. Hernandez Covington's Order that Plaintiffs File an Amended Complaint and Reissue the Summons" (Doc. # 28) is **DENIED.**

(2) This case is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>4th</u> day of August, 2016.

<u>/s/ Virginia M. Hernandez Covington</u>
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE